## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
       CELADON GROUP, INC., et al.,¹                       :   Case No. 19-12606 (KBO)
                                                           :
       Debtors.                                            :   (Jointly Administered)
                                                           :
-----------------------------------------------------------x
                                                           :
TA DISPATCH, LLC, an Alabama limited liability             :
company                                                    :
                                                           :
       Plaintiff,                                          :
                                                           :   Adv. No._____
v.                                                         :
                                                           :
CELADON TRUCKING SERVICES, INC., a                         :
New Jersey corporation, CELADON LOGISTICS                  :
SERVICES, INC., a Delaware corporation,                    :
CELADON GROUP, INC., a Delaware                            :
corporation, and HYNDMAN TRANSPORT                         :
LIMITED, an Ontario corporation,                           :
                                                           :
       Defendants.                                         :
-----------------------------------------------------------x
```

## NOTICE OF REMOVAL

Celadon Group, Inc. and its affiliated debtors (collectively, the "Debtors"), by and

through their counsel, DLA Piper LLP (US), pursuant to 28 U.S.C. §§ 157(a), 1334, and

1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

1       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celadon Group, Inc. (1050); A R Management Services, Inc. (3604); Bee Line, Inc. (5403); Celadon Canadian Holdings, Limited (2539); Celadon E-Commerce, Inc. (2711); Celadon International Corporation (5246); Celadon Logistics Services, Inc. (0834); Celadon Mexicana, S.A. de C.V. (6NL7); Celadon Realty, LLC (2559); Celadon Trucking Services, Inc. (6138); Distribution, Inc. (0488); Eagle Logistics Services Inc. (7667); Hyndman Transport Limited (3249); Jaguar Logistics, S.A. de C.V. (66D1); Leasing Servicios, S.A. de C.V. (9MUA); Osborn Transportation, Inc. (7467); Quality Companies LLC (4073); Quality Equipment Leasing, LLC (2403); Quality Insurance LLC (7248); Servicios Corporativos Jaguar, S.C. (78CA); Servicios de Transportación Jaguar, S.A. de C.V. (5R68); Stinger Logistics, Inc. (3860); Strategic Leasing, Inc. (7534); Taylor Express, Inc. (9779); Transportation Insurance Services Risk Retention Group, Inc. (7197); Vorbas, LLC (8936). The corporate headquarters and the mailing address for the Debtors listed above is 9503 East 33rd Street, One Celadon Drive, Indianapolis, IN 46235.

Rules"), hereby file this Notice to remove the civil action captioned *TA Dispatch, LLC v. Celadon Trucking Services, Inc., Celadon Logistics Services, Inc., Celadon Group, Inc. and Hyndman Transport Limited*, C.A. No. 2019-0960-SG (the "State Court Action"), pending in the Court of Chancery of the State of Delaware to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").   As grounds for removal, the Debtors respectfully state as follows:

## BACKGROUND

1.      On December 2, 2019, TA Dispatch filed the State Court Action seeking approximately $6.2 million in damages for alleged amounts owed in accordance with an Asset Purchase Agreement effective April 1, 2019 (the "APA").

2.      On December 8, 2019 (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to be in possession of their assets and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been appointed in the Debtors' chapter 11 cases.  On December 18, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [D.I. 111] (the "Committee").

3.      Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Kathryn Wouters in Support of Chapter 11 Filings and First Day Pleadings* [D.I. 3] (the "First Day Declaration"), filed with this Court on the Petition Date, which is fully incorporated into this Motion by reference.

4.      On January 7, 2020, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection To Certain Prepetition Lenders; (III) Authorizing Use Of Cash Collateral; (IV) Modifying The Automatic Stay; and (V) Granting Related Relief* [D.I. 230] (the "<u>Final DIP Order</u>").   The Final DIP Order authorizes the Debtors to obtain credit under the DIP Loan Agreement to provide financing for working capital in accordance with the court approved budget.  As part of this budget, among other sources of financing, the Debtors are authorized to use certain cash collateral, as defined in the Final DIP Order.

## GROUNDS FOR REMOVAL

5.      Removal of the State Court Action is authorized by 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . .  if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).  Section 1334(a) provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a).  Certain matters related to a debtor's bankruptcy are included within the scope of federal bankruptcy jurisdiction under 28 U.S.C. § 1334 *et seq.*  Specifically, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

### A.      <u>The State Court Action is Related to the Bankruptcy Case</u>

6.      This Court has original and exclusive jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 157(a) and 1334(a) because the State Court Action is involves disputes

concerning core proceedings under 28 U.S.C. § 157(b) and the State Court Action is, therefore, removable pursuant to 28 U.S.C. § 1452(a)

7.    This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 157(a) and 1334(b) because the State Court Action is "related to" title 11 bankruptcy proceedings pending in this Court, and the State Court Action is, therefore, removable pursuant to 28 U.S.C. § 1452(a).

8.    A proceeding meets the jurisdictional threshold of 28 U.S.C. § 1334 if the outcome of that proceeding could conceivably have *any* effect on the estate being administered in bankruptcy. *See Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 164 (3d Cir. 2004) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate"); *Nuveen Mun. Trust ex rei. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293-94 (3d Cir. 2012) (same); *see also Publicker Indus. Inc. v. U.S. (In re Cuyahoga Equip. Corp.)*, 980 F .2d 110, 114 (2d Cir. 1992) (stating the bankruptcy court has "related to" jurisdiction over an action that might have any "conceivable effect" on the bankrupt estate).

9.    Here, the State Court Action directly affects property of the Debtors' estates and Debtors' access to liquidity through the use of cash collateral.  Therefore, this Court has original jurisdiction of the claims brought in the State Court Action under 28 U.S.C. § 1334, and removal to this Court is proper under 28 U.S.C. § 1452(a) and Rule 9027 of the Bankruptcy Rules.  The allegations asserted and relief sought by TA Dispatch in the State Court Action are directly related to Debtors' Final DIP Order and corresponding budget, as well as whether certain property is property of the estates, all of which are at issue in the pending bankruptcy

proceedings. The claims in the State Court Action turn on issues already before this Court and are related to and directly impact the Debtor and its estate.  Removal is, therefore, proper under 28 U.S.C. § 1452(a).

**B.     The State Court Action is a Core Proceeding that arises under the Bankruptcy Code.**

10.     In addition, pursuant to Rule 9027(a)(1) of the Bankruptcy Rules, the Debtors state that the claims asserted by TA Dispatch are core, within the meaning of 28 U.S.C. § 157. Under 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and determine all "core" proceedings arising under title 11 or arising in a case under title 11.  Core proceedings "arise in" or "arise under" title 11 cases for purposes of 28 U.S.C. § 1334(b).  28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11").  The Bankruptcy Code provides a non-exclusive list of matters that are included within core proceedings, including matters concerning the administration of the estate, determinations regarding the validity, extent, or priority of liens, and other proceedings affecting the liquidation of assets of the estate.  28 U.S.C. § 157(b)(2)(A), (K) and (O).

11.     In the State Court Action, TA Dispatch's claims directly relate to the Debtors' rights regarding certain cash collateral included in the approved budget in the Final DIP Order. The Debtors' ability to administer their estates is directly tied to its ability to conduct its business and wind down pursuant to the budget established in the Final DIP Order.  The Court's determination as to the liability of all parties involved in the State Court Action will have a significant impact, and directly affect the administration of the bankruptcy estate and the ultimate amount of the assets of and claims against the bankruptcy estate.  The Debtors unquestionably

will be affected by any rulings related to the State Court Action. Accordingly, the claims asserted by TA Dispatch against the Debtors constitute a core proceeding.

12.    Pursuant to Rule 9027-1(a)(1) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Notice of Removal.

## RESERVATION OF RIGHTS

13.    Nothing in this Notice of Removal or related documents should be interpreted as a waiver or relinquishment of the Debtors' rights to assert any defense or affirmative response in this proceeding.

14.    The Debtors reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

15.    For the reasons set forth above, the State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1452(a), as this Court has "arising under" and "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b).

16.    In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be provided to all adverse parties, as well as the Clerk of the Court of Chancery of the State of Delaware promptly after the filing of this Notice of Removal. As required by 28 U.S.C. § 1446(a), copies of the filings from the State Court Action are attached hereto as **Exhibit A**.[2]

---

2    Exhibits A through D to the Verified Complaint were filed under seal in the State Court Action and have not been made publicly available. These documents will be provided to this Court following the resolution of any confidentiality concerns among the parties to the State Court Action.

WHEREFORE the Debtors respectfully remove the State Court Action to the United States Bankruptcy Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1334 and 1452.

Dated: January 17, 2020             Respectfully submitted,
      Wilmington, Delaware

**DLA PIPER LLP (US)**

<u>*/s/ Stuart M. Brown*</u>
Stuart M. Brown (DE 4050)
Matthew S. Sarna (DE 6578)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile:  (302) 394-2341
Email:stuart.brown@us.dlapiper.com
      matthew.sarna@us.dlapiper.com

-and-

Richard A. Chesley (admitted *pro hac vice*)
Jamila Justine Willis (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
Email:richard.chesley@us.dlapiper.com
      jamila.willis@us.dlapiper.com

*Counsel for the Debtors*